UNITED STATES REFRACTORIES CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 34640.   Promulgated June 25, 1931.

*R. P. Smith, Esq.*, for the petitioner.
*A. H. Fast, Esq.*, for the respondent.

OPINION.

TRAMMELL: The respondent determined deficiencies for the years 1920, 1921, 1923 and 1924, but at the hearing the parties filed a stipulation (1) that there is no deficiency for the year 1921, (2) that there has been an overpayment in tax of $1,137.83 for the year 1923, and (3) that there is a deficiency of $2,058.11 for 1924. Judgment will be entered accordingly. This leaves for redetermination here only the deficiency for the year 1920, in respect to which year the parties have stipulated that the correct tax liability is $28,506.20.

The petitioner filed its tax return for 1920 on March 15, 1921, showing thereon a total tax due in the amount of $30,953.68, which was assessed in March, 1921. The amount of tax shown was not paid when the return was filed, but claims for credit against such liability of overpayments for 1917 and 1918 were filed along with said return. Thereafter, the respondent determined that the petitioner's tax liability for 1920 was $62,494.18, or $31,540.50 in excess of the total tax shown on the return, and on December 9, 1927, mailed a notice of deficiency to the petitioner. The petitioner filed its petition with the Board on February 6, 1928, and in October, 1928, respondent credited overpayments for 1917 and 1918 in the amount of $30,953.68 to effect collection of the original tax shown on the 1920 return. The stipulation of the parties is that the correct tax liability for the year is $28,506.20. However, the petitioner contends, and the respondent denies, that the entire amount of $30,953.68, represents an overpayment of tax for 1920. In support of its contention that it is entitled to an overpayment and a refund thereof, the petitioner claims that the statute of limitations had expired when the credit of an overpayment of tax liability for previous years was applied against the 1920 tax liability.

If it be conceded, however, as contended by the petitioner, that the statute of limitations had expired when the credit was made, we must consider the effect of section 609 of the Revenue Act of 1928, which provides as follows:

(a) *Credit against barred deficiency.*—Any credit against a liability in respect of any taxable year shall be void if any payment in respect of such liability would be considered an overpayment under section 607.

(b) *Credit of barred overpayment.*—A credit of an overpayment in respect of any tax shall be void if a refund of such overpayment would be considered erroneous under section 608.

(c) *Application of section.*—The provisions of this section shall apply to any credit made before or after the enactment of this Act.

Section 607 of the Revenue Act of 1928 provides as follows:

Any tax (or any interest, penalty, additional amount, or addition to such tax) assessed or paid (whether before or after the enactment of this Act)

after the expiration of the period of limitation properly applicable thereto shall be considered an overpayment and shall be credited or refunded to the taxpayer if claim therefor is filed within the period of limitation for filing such claim.

It would follow that if the statute of limitations had expired then the credit made by the respondent of the overpayments of the previous years on the tax liability for 1920 would be void and of no effect. The credit being void, the result is the same as if it had not been made and if the tax liability of 1920 had not been satisfied. This being true, there could be no overpayment to which the petitioner would be entitled as a refund.

The credit in this case was made while the proceeding was pending before the Board. With respect to such a credit, section 322 (c) provides as follows:

(c) *Effect of petition to Board.*—If the Commissioner has mailed to the taxpayer a notice of deficiency under section 272 (a) and if the taxpayer files a petition with the Board of Tax Appeals within the time prescribed in such subsection, no credit or refund in respect of the tax for the taxable year in respect of which the Commissioner has determined the deficiency shall be allowed or made and no suit by the taxpayer for the recovery of any part of such tax shall be instituted in any court except—

(1) As to overpayments determined by a decision of the Board which has become final; and

(2) As to any amount collected in excess of an amount computed in accordance with the decision of the Board which has become final; and

(3) As to any amount collected after the period of limitation upon the beginning of distraint, or a proceeding in court for collection has expired; but in any such claim for credit or refund or in any such suit for refund the decision of the Board which has become final, as to whether such period has expired before the notice of deficiency was mailed, shall be conclusive.

It is to be observed that the above quoted section refers to a credit or refund in respect of the tax for the taxable year in respect of which the Commissioner has determined the deficiency. In this case the Commissioner has made no credit in respect of the tax for the taxable year 1920, which is the year for which the Commissioner has asserted the deficiency, but has made the credit in 1920 on account of a tax liability for previous years. The overpayment for the previous years was applied as a credit for the taxable year. As we view section 322 (c) it relates only to the credit or refund on account of the tax for the year for which the Commissioner has asserted a deficiency and the above quoted section would have no application to this case.

However, if the statute of limitations had not expired the petitioner would be entitled to an overpayment and refund to the extent of the amount credited which was in excess of the correct tax liability which was stipulated.

It is necessary for us to decide the question whether the statute of limitations had expired when the credit was made. If it had expired no part of the amount credited should be considered as an overpayment to be refunded and if it had not expired the amount in excess of the true tax liability would be an overpayment to be refunded. We must consider, therefore, whether the statute of limitations had expired when the credit was made. If so, the credits were void. No claim in abatement was filed, and section 611 of the 1928 Act, which prohibits refunds under certain circumstances when taxes are collected after the expiration of the period of limitations, has no application.

The Revenue Act of 1921, under which the assessment in question was made, provides in section 250 (d) that the asssessment of income and profits tax for 1920 shall be determined and assessed within five years after the return was filed, " unless both the Commissioner and the taxpayer consent in writing to a later determination, assessment and collection of the tax;" and that no suit or proceeding for collection shall be begun after the expiration of such period. The return having been filed on March 15, 1921, the five-year period for collection expired on March 15, 1926. On February 26, 1926, before collection of the tax was barred by limitation, the Revenue Act of 1926 was enacted, which provides in section 278 (d) that a tax assessed under the facts of this case may be collected by distraint or by a proceeding in court if begun within six years after assessment, or " prior to the expiration of any period for collection agreed upon in writing by the Commissioner and the taxpayer."

Thus, in the absence of any such agreement, the period for collection of the 1920 tax here in question was extended to March, 1927.

On February 16, 1927, the petitioner executed the " income and profits tax waiver " set out in our findings of fact above. This instrument was signed only by the taxpayer, and did not serve to extend the period for collection beyond March, 1927. *Corn Products Refining Co.*, 22 B. T. A. 605.

After March, 1927, collection of the tax was barred by limitation, but on December 30, 1927, the petitioner and the respondent through his representative whose presumptive authority to sign for him is not successfully attacked executed the second instrument designated " income and profits tax waiver " set out in our findings of fact. Clearly the form of the execution by the representative of the Commissioner does not invalidate it.

However, at the time this second waiver was executed, the Revenue Act of 1926 was in effect, and section 1106 thereof provided that " The bar of the statute of limitations against the United States in respect of any internal-revenue tax shall not only operate to bar the remedy

but shall extinguish the liability." The liability for the tax involved in this proceeding was, therefore, extinguished when the remedy was barred by limitation after March, 1927, and the second waiver of December 30, 1927, did not operate to extend the period of limitation. *Peerless Woolen Mills*, 13 B. T. A. 1119; *George U. Hind et al.*, 18 B. T. A. 96; *Steiner Manufacturing Co.*, 18 B. T. A. 740. See also *Jacob Bros. Co.*, 19 B. T. A. 315, and *United States* v. *John Barth Co.*, 27 Fed. (2d) 782.

If there was no tax liability to waive or extend when the waiver was given, an instrument which purported to do so was not effective, but was null and void. The fact that section 1106 was repealed by section 612 of the Revenue Act of 1928, in our opinion, is unimportant for the purpose of this case. It is a well recognized rule that the repeal of the statute does not render valid what was invalid by reason of the statute when in effect. See *Hannay* v. *Eve*, 3 Cranch 242; *Puckett* v. *Alexander*, 102 N. C. 95 (3 L. R. A. 43). See also Cyc. 1224. See *Dobbins* v. *Commissioner*, 31 Fed. (2d) 935, and *Pepsin Syrup Co.* v. *Schwaner*, 35 Fed. (2d) 197.

Conceding, for the purpose of this case, that if Congress had seen fit to do so it could have validated such waiver, it clearly did not do so, nor do we think that it impliedly did so by repealing section 1106. On the other hand, it is clear that Congress had this situation in view and instead of validating such waivers as were executed after the passage of the Revenue Act of 1926, expressly validated in the 1928 Act (section 506) only such waivers as were excuted after the passage of that Act and before January 1, 1929.

For another reason, in our opinion, no effect should be given either of the waivers. Both of the waivers in this case indicate on their face that the parties did not intend to extend the period of limitations if it had already expired. The second waiver contains the statement " by signing this waiver we do not waive any rights which have accrued to the Company under the provisions of section 250 (d) of the Revenue Acts of 1918 and 1921 with respect to the statute of limitations." The first waiver contained substantially the same provisions. The waiver was accepted by the Commissioner and signed on his behalf, containing this provision. It clearly indicates that the petitioner did not intend to further extend the statute if it had already barred collection. In any event, therefore, we do not think that either of the waivers was effective.

The waivers not being effective, the statute having run when the credit was given on account of the overpayment for the previous years, the credits were void and no amount thereof is an overpayment to be refunded within the meaning of the statute and the situation is the same as if no credit had been given and the tax not been col-

lected by this process of credits. The tax not having been collected on account of the void credits, it can not now be collected because of the operation of the statute of limitations.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

---

ARUNDELL, dissenting: In my opinion the waiver of February 16, 1927, given before the statutory period of limitation had expired was entirely effective to extend the period within which assessment may be made, even though the waiver was not signed by the respondent. It was accepted and acted on by him and that is sufficient. *Florsheim Bros. Dry Goods Co.* v. *United States*, 280 U. S. 453, 464; *Stange* v. *United States*, 282 U. S. 270, 276; *Aiken* v. *Burnet*, 282 U. S. 277; *Burnet* v. *Chicago Railway Equipment Co.*, 282 U. S. 295; *John M. Parker Co.* v. *Commissioner*, 49 Fed. (2d) 254; *Mosier* v. *Goodcell*, 49 Fed. (2d) 391. If the first waiver was effective no question arises as to the validity of the second waiver. It must follow that the period of limitation within which the tax may be assessed and collected has not expired.

SMITH and STERNHAGEN agree with this dissent.