KNIGHT-CAMPBELL MUSIC COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 35326, 36934, 37943, 41944.
Promulgated July 22, 1931.

*Allen G. Gartner, Esq.*, and *Leon E. Williams, C. P. A.*, for the petitioner.

*J. E. McFarland, Esq.*, for the respondent.

OPINION.

BLACK: As has already been stated in our preliminary statement, the petitioner has waived all contentions as to the assessment and collection of the deficiencies asserted by the Commissioner for all years involved in this proceeding except the eight-month period ending December 31, 1920. We will, therefore, take up the remaining issues raised by petitioner in their order.

The first is the right of the respondent to assess and collect the deficiency of $2,061.75 for the eight-month period ended December 31, 1920, the petitioner contending that the statute of limitations has tolled the assessment and collection of any deficiency for this period.

The petitioner filed its return for the eight-month period ended December 31, 1920, on April 15, 1921. Sections 250 (d) of the Revenue Acts of 1918 and 1921, and sections 277 (a) (3) of the Revenue Acts of 1924 and 1926, impose a five-year limitation upon the assessment and collection of taxes under the 1918 Act, the statute running from the date the return was filed. The five-year period of limitations for assessing and collecting a deficiency from petitioner under its return filed April 15, 1921, expired on April 15, 1926. On September 23, 1926, after the passage of the Revenue Act of 1926, and also after the five-year period for assessment and collection had expired, the petitioner and respondent entered into a consent in writing for the first time for a later assessment of any deficiency for the fiscal year ending December 31, 1920.

In *Steiner Manufacturing Co.*, 18 B. T. A. 740, we considered a similar situation and there said:

The aforesaid consent was ineffective to extend the period of limitations because at the time entered into both the right and the remedy had been extinguished by the enactment of section 1106 of the Revenue Act of 1926. *Peerless Woolen Mills*, 13 B. T. A. 1119, and *George U. Hind et al.*, 18 B. T. A. 96, and the repeal of that section by section 612 of the Revenue Act of 1928 "did not revive a dead liability or create a new obligation." *Dobbins* v. *Commissioner of Internal Revenue*, 31 Fed. (2d) 935.

Accordingly, as to this issue decision will be entered for the petitioner. Cf. *United States Refractories Corporation*, 23 B. T. A. 872; *United States* v. *John Barth Co.*, 27 Fed. (2d) 782.

We will next take up issue No. 2, wherein the petitioner questions the action of the Commissioner in the collection of $14,223.25, representing unpaid taxes assessed on petitioner's original return for the fiscal year ending April 30, 1920, and not paid at the time of the filing of said return because petitioner filed a claim for credit on account of alleged overpayments for prior years, which claim was subsequently disallowed by the Commissioner, whereupon petitioner filed a claim for abatement June 2, 1924, and for a time stayed the collection of the tax.

For the fiscal year 1920, the tax shown on the return was assessed shortly after the return was filed August 18, 1920, in the amount of $21,136.74, of which $6,913.91 was paid August 18, 1920, leaving a balance due of $14,223.25. Of this latter amount, $1,949.27 was collected September 1, 1928, and the remainder of $12,273.98 was collected by distraint proceedings on December 30, 1929.

Under the Revenue Act of 1918 and subsequent acts, the period in which collection of this unpaid balance of $14,223.25 must be made was five years from the time of filing the return, which in the instant case was August 18, 1920. In ordinary course, therefore, without the intervention of waivers, collection of this balance would be barred August 18, 1925. September 17, 1925, a collection waiver signed by the taxpayer, covering the period involved, was filed with the Collector at Denver, Colo. This waiver, if not otherwise invalid, although signed by petitioner after collection of the tax was barred by the statute of limitations, was good to revive the liability, section 1106 of the 1926 Act, extinguishing the liability, not yet having been enacted. *Commissioner* v. *Chicago Railway Equipment Co.*, 282 U. S. 295; *Charles H. Stange* v. *United States*, 282 U. S. 270. But this waiver was invalid for any purpose because it was not signed by the Commissioner and was not formally accepted by him until 1929, long after the time for which the waiver was to run had expired. *Corn Products Refining Co.*, 22 B. T. A. 605; *United States Refractories Corporation*, *supra*.

The collection of this $14,223.25 was therefore barred when the Act of 1926 was enacted and by virtue of section 1106 of that act, the liability was extinguished. Hence, the collection waivers of November 8, 1926, and December 5, 1927, were ineffective and did not revive the collection of an amount which was already barred prior to the enactment of the 1926 Act and which was extinguished by section 1106 of said act. *Steiner Mfg. Co.*, *supra*; *United States Refractories Co.*, *supra*; *John Barth Co.*, *supra*.

But since the collection of this $14,223.25 had been stayed by the filing of a claim for abatement, we must consider the effect of section 611 of the Revenue Act of 1928, which reads:

SEC. 611. COLLECTIONS STAYED BY CLAIM IN ABATEMENT.

If any internal-revenue tax (or any interest, penalty, additional amount, or addition to such tax) was, within the period of limitation properly applicable thereto, assessed prior to June 2, 1924, and if a claim in abatement was filed, with or without bond, and if the collection of any part thereof was stayed, then the payment of such part (made before or within one year after the enactment of this Act) shall not be considered as an overpayment under the provisions of section 607, relating to payments made after the expiration of the period of limitation on assessment and collection.

The $1,949.27 which was collected September 1, 1928, was collected within one year after the enactment of the Revenue Act of 1928, and hence comes within the provisions of section 611. The United States Supreme Court in the case of *Graham* v. *Goodcell*, 282 U. S. 409, discussed at length section 611 and the situations which it covered, as well as its relation to section 607 of the same act.

Section 611 enacts a qualification by providing that in stated circumstances the payment of the tax shall not be considered an overpayment under the provisions of section 607. These circumstances are (a) an assessment of the tax within the time applicable thereto and before June 2, 1924, (b) the filing of a claim in abatement, (c) the stay of the collection of any part of the tax, and (d) the payment of such part of the tax before, or within one year after, the enactment of the Act of 1928.

See also *United States* v. *Wyman, Partridge & Co.*, 282 U. S. 434, decided the same day by the Supreme Court. Accordingly, as to the amount of $1,949.27, the petitioner is now barred from any recovery.

We now turn to the amounts of $12,273.98, unpaid balance of the tax for fiscal year ending April 30, 1920, and $3,631.85, unpaid balance of the tax for the eight-month period beginning May 1, 1920, and ending December 31, 1920, which were collected by distraint proceedings on December 30, 1929, a date which precludes their inclusion within the terms of section 611 of the Revenue Act of 1928. Both of these amounts were included in the assessments made shortly after the filing of the original returns. The collection of both these amounts was barred at the time the Commissioner collected them by distraint, for reasons which we have already enumerated, unless revived by the collection waiver of December 12, 1928, which was signed by both the taxpayer and the Commissioner and by its express terms included both the amounts of $12,273.98 and $3,631.85 and extended the time for the collection thereof until December 31, 1929. Prior to the signing of this waiver, the Revenue Act of 1928 had been enacted, which by its express terms repealed section 1106 of the Revenue Act of 1926. *United States* v. *Wyman, Partridge & Co.*, *supra*.

Prior to the execution of this collection waiver of December 12, 1928, section 506 of the Revenue Act of 1928 had been enacted, which reads:

(a) Section 278 (c) and (d) of the Revenue Act of 1926 are amended to read as follows:

" (c) Where before the expiration of the time prescribed in section 277 for the assessment of the tax, both the Commissioner and the taxpayer have consented in writing to its assessment after such time, the tax may be assessed at any time prior to the expiration of the period agreed upon. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon.

" (d) Where the assessment of any income, excess-profits, or war-profits taxes imposed by this title or by prior Act of Congress has been made (whether before or after the enactment of this Act) within the period of limitation properly applicable thereto, such tax may be collected by distraint or by a proceeding in court (begun before or after the enactment of this Act), but only if begun (1) within six years after the assessment of the tax, or (2) prior to the expiration of any period for collection agreed upon in writing by the Commissioner and the taxpayer before the expiration of such six-year period. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon."

(b) Section 278 of the Revenue Act of 1926 is further amended by adding at the end thereof a new subdivision to read as follows:

" (f) Any agreement which would be within the provisions of subdivision (c) or (d) of this section but for the fact that it was executed after the expiration of the period of limitation extended by such agreement, shall be valid and effective according to its terms if entered into after the enactment of the Revenue Act of 1928 and before January 1, 1929."

(c) The amendments made by this section to the Revenue Act of 1926 shall not be construed as in any manner affecting the validity of waivers made prior to the enactment of this Act, which shall be determined according to the law in existence at the time such waiver was filed.

We direct particular attention to subdivision (b) of the above quoted section. We think the waiver dated December 12, 1928, extending the time for the collection of said amounts falls squarely within the above quoted language and that the collections made by the Commissioner under distraint warrant December 30, 1929, were not barred by the statute of limitations. The facts in respect to this particular phase of petitioner's case are very similar to those which we had before us in *F. A. Gillespie*, 20 B. T. A. 1068, 1081, in which we said: "As set out above, the facts in this case exactly fit in the provisions of section 278 (f) of the Revenue Act of 1926, as amended by section 506 (b) of the Revenue Act of 1928, and we hold that the waiver dated December 4, 1928, serves to extend the time for collection of additional tax assessed for 1917." Accordingly, on this issue, we hold in favor of respondent.

*Decision will be entered under Rule 50.*