## AMERICAN NATURAL GAS CO. v. UNIT-
## ED STATES.
### No. 41841.

Court of Claims.
Jan. 6, 1936.

LITTLETON, Judge.

Section 277 (a) of the Revenue Act of 1926 ('44 Stat. 58) provided a limitation of four years after the filing of a return for the assessment of tax for 1922, and subdivision (b) of that section and section 278 provided that the limitation on the making of assessment and the beginning of distraint or a proceeding in court for collection in respect of any deficiency should, after the mailing of a deficiency notice under subdivision (a) of section 274, be suspended during the period for which the Commissioner was prohibited in making the assessment and the beginning of distraint or a proceeding in court and for sixty days thereafter. Section 278 (c) provided that "where both the Commissioner and the taxpayer have consented in writing to the assessment of the tax after the time prescribed in section 277 for its assessment the tax may be assessed at any time prior to the expiration of the period agreed upon." Subdivision (d) provided that where the assessment had been made within the statutory period of limitation properly applicable thereto, the tax might be collected by distraint or a proceeding in court within six years after the assessment or prior to the expiration of any period for collection agreed upon in writing by the Commissioner and the taxpayer.

Plaintiff contends that, inasmuch as the Commissioner did not assess the deficiency on or prior to December 31, 1927, the expiration date of the waiver extending the statutory period of limitation, the mailing by him of a deficiency notice under section 274 (a) prior to the expiration date of the waiver did not give him the period of one hundred and twenty days provided in section 277 (b) for making the assessment. It is further contended that the Commissioner could have made a jeopardy assessment of the deficiency before the expiration of the limitation period of four years, as extended by the waiver to December 31, 1927, and that the provisions of section 274 (a) prohibiting the assessment of a deficiency for sixty days after the mailing of the deficiency notice and the granting of an additional sixty days thereafter by section 277 (b) are therefore not applicable.

Without the waiver filed by plaintiff the statutory period of limitation for assessing the tax would have expired April 25, 1927, but the mailing of a deficiency notice on or before that date would have given the Commissioner one hundred and

J. Nelson Anderson, of Washington, D. C., for plaintiff.

J. W. Hussey, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Judge, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

twenty days additional within which to make the assessment, where no petition was filed with the United States Board of Tax Appeals. By the waiver executed by plaintiff and the Commissioner this period of four years was extended to December 31, 1927. However, the provisions of subdivision (b) of section 277 remained applicable to the period as extended, and, inasmuch as the Commissioner mailed a sixty-day deficiency notice under section 274 (a) prior to the expiration of the period of limitation as extended by the waiver, he had one hundred and twenty days thereafter, or until April 5, 1927, within which to make the assessment. The assessment of the tax on January 21, 1928, was therefore timely. Loewer Realty Co. v. Anderson (C.C.A.) 31 F.(2d) 268, 269; Sunshine Cloak & Suit Co. v. Commissioner, 10 B.T.A. 971, 977.

■ Whether a jeopardy assessment could or should have been made before December 31, 1927, was a matter for the Commissioner to determine, and we cannot say that his failure to make such an assessment deprived him of the additional period granted by section 277 (b) within which to make a valid assessment after the mailing of the deficiency notice within the limitation period as extended. Cf. W. P. Brown & Sons Lumber Co. v. Burnet, 282 U.S. 283. 286, 51 S.Ct. 140, 75 L.Ed. 343; Manz Corporation v. United States, 54 F.(2d) 177, 74 Ct.Cl. 5.

■ It was not necessary that the waiver extending the limitation period of four years to December 31, 1927, contain a provision that the running of the period of limitation, as extended, should be suspended for a period of one hundred and twenty days after the mailing of a deficiency notice under section 274, if no appeal was filed with the Board of Tax Appeals, or until the decision of the Board should become final if such an appeal was filed. These statutory provisions were applicable to the period as extended by the waiver; they became a part of the waiver and must be read into it, De Laval Steam Turbine Co. v. United States, 284 U.S. 61, 73, 52 S. Ct. 78, 76 L.Ed. 168, and any action by the Commissioner within such extended period had the same effect, in so far as his right to assess and collect was concerned, as if there had been no waiver and he had taken such action within the limitation period of four years after the return was filed. As was said by the court in Loewer

Realty Co. v. Anderson, supra: "It is perfectly consonant with the language of section 278 (c) to say that the words 'statutory period of limitation applicable thereto' were intended to include both the five years allowed to make the assessment where no extension had been agreed to, and the five years, plus the extended period, in case a waiver had been signed. Each period is 'statutory,' for the statute provides for them both."

We are of opinion that the tax sought to be recovered was timely assessed and collected.

The plaintiff is therefore not entitled to recover, and the petition is dismissed.