**BOTHWELL et al. v. UNITED STATES.**
No. 42812.

Court of Claims.
April 26, 1937.

Guy Patten, of Washington, D. C., and Robert H. Jackson, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

The A-1 Oil & Gas Company, a Kansas corporation, filed its completed income and profits tax return for the calendar year 1919 on May 14, 1920, disclosing a tax liability of $3,740, which was duly paid.

During 1920 the Magna Oil & Refining Company acquired the entire capital stock of the A-1 Oil & Gas Company and in 1922 received all its assets as a liquidating dividend. On October 5, 1922, the original taxpayer was dissolved. The value of the assets so transferred was sufficient over and above its liabilities at the time of such transfer to pay the income and profits taxes of the A-1 Oil & Gas Company involved in this suit. At all times after such transfer and dissolution of the A-1 Company, the Magna Oil & Refining Company had possession of the books, records, and papers of the A-1 Company and had full knowledge of the affairs of the dissolved corporation. No receiver was ever appointed in connection with the dissolution of the taxpayer.

December 17, 1925, the Magna Oil & Refining Company executed and delivered to the Commissioner of Internal Revenue a waiver in respect to the taxes of the A-1 Oil & Gas Company for 1919 purporting to extend the time for assessment thereof until December 31, 1926, and on March 10, 1927, the Commissioner determined an additional income and profits tax against the A-1 Oil & Gas Company for 1919 in the sum of $14,975.93, and, on the same day, assessed this amount against the Magna Oil & Refining Company as transferee of the A-1 Oil & Gas Company. April 7, 1927, the Magna Oil & Refining Company paid this additional assessment with $928.10 interest.

In the meantime the Magna Oil & Refining Company was dissolved February 24, 1926. Under the laws of the State of Delaware, in which it had been incorporated, it had authority for three years after its dissolution to act in its own behalf in matters affecting the winding up of its affairs. This period having expired, the

Walter J. Carrico, of Tulsa, Okl., for plaintiffs.

1014

plaintiffs were appointed receivers for this corporation on February 18, 1931.

Thereafter, on April 4, 1931, plaintiffs filed a claim for the refund of the tax and interest paid by the Magna Oil & Refining Company pursuant to the assessment of March 10, 1927, upon the ground that this assessment was not made within the statutory period provided by law, and that the waiver referred to above was not valid to extend the statutory period for assessment because it was neither executed by the taxpayer (A-1 Oil & Gas Company) before dissolution nor by statutory trustees after dissolution, but was executed by a successor corporation. The claim for refund having been rejected, this suit was begun to recover the amount so paid.

It will be observed that no question is raised as to the correctness of the additional tax on account of which a claim for refund was filed, nor is it claimed that the Magna Oil & Refining Company was not in the first instance liable as transferee. The ultimate question upon which the decision depends is whether this tax was collected after the period of limitations had expired, and this, in turn, depends upon the construction and effect of the waiver executed by the Magna Oil & Refining Company.

■ The parties agree that in the absence of a valid waiver the statutory period for assessment against the A-1 Oil & Gas Company, the original taxpayer, expired on May 14, 1925, but it will be observed that the waiver provided that such limitation period for assessment should be extended to December 31, 1926. The plaintiffs, however, contend that this waiver is invalid and of no effect because it was not executed by the original taxpayer but by the Magna Oil & Refining Company, and that, when properly construed, it shows that the last-named company was merely acting for itself as principal and agreeing to an extension of time for assessment only of its own liability. We think this objection to the waiver executed by the Magna Oil & Refining Company is without merit. This waiver plainly shows that there was a consent extending the statutory period of limitation for assessment of any tax for the years 1917 to 1919, inclusive, against the A-1 Oil & Gas Company and that it was signed "Magna Oil & Refining Company, Successor

to A-1 Oil & Gas Co., Dissolved, Taxpayer." This leaves for consideration only the question whether the Magna Oil & Refining Company, as successor to and transferee of the assets and business of A-1 Oil & Gas Company, could legally execute a valid waiver. We think it could, and, further, we are of opinion that the waiver which it executed was in all respects valid and extended the statutory period for assessment against the original taxpayer to December 31, 1926. Under section 280 of the Revenue Act of 1926, 44 Stat. 61, the defendant therefore had one year additional within which to assess any tax found to be due by the A-1 Oil & Gas Company against the transferee of its assets. Stange v. United States, 282 U.S. 270, 51 S.Ct. 145, 75 L.Ed. 335; Id., 68 Ct.Cl. 395; McDonnell v. United States, 288 U.S. 420, 53 S.Ct. 410, 77 L.Ed. 869; Id., 59 F.(2d) 290, 75 Ct.Cl. 155; American Natural Gas Co. v. United States, 13 F.Supp. 69, 82 Ct.Cl. 300.

Chapter 17, article 8, 17—808, 17—809, Revised Statutes of Kansas, provides as follows:

*"Directors as trustees in cases of dissolution; their powers and duties.* Upon the dissolution of any corporation already created by or under the laws of this state, unless a receiver is appointed by some court of competent authority, the president and directors, or managers of the affairs of the corporation, at the time of the dissolution, by whatever name they may be known in law, shall be trustees of the creditors and stockholders of such corporation, with full power to settle the affairs, collect the outstanding debts, and divide the moneys and other property among the stockholders, after paying the debts due and owing by such corporation at the time of its dissolution, as far as such money and property will enable them; and for this purpose they may maintain or defend any judicial proceeding.

*"Trustees responsible to creditors and stockholders.* The trustees mentioned in the last section shall be severally responsible to the creditors and stockholders of such corporation, to the extent of its property and effects that shall have come into their hands."

■■ The taxpayer, A-1 Oil & Gas Company, filed its return for 1919 on May 14, 1920, and shortly thereafter the Magna.

Oil & Refining Company acquired all the capital stock of the A-1 Oil & Gas Company. September 18, 1922, the A-1 Oil & Gas Company transferred all its assets to its sole stockholder, the Magna Oil & Refining Company, as a liquidating dividend, and the Magna Oil & Refining Company thereafter dissolved the A-1 Oil & Gas Company October 5, 1922. It will thus be seen that at and prior to the date of its dissolution the title to all the corporate property of A-1 Oil & Gas Company was vested in Magna Oil & Refining Company and title to its corporate property could not, upon any theory, become vested in any of the former officers or directors of the A-1 Oil & Gas Company upon its dissolution. The Magna Oil & Refining Company was clearly therefore the manager of the affairs of the A-1 Oil & Gas Company at the time of its dissolution and, under the Kansas statute, was trustee of the dissolved corporation with full power to settle the affairs, collect the outstanding debts, pay the debts due and owing by such corporation at the time of its dissolution, and to do all things necessary to wind up and settle the affairs of the dissolved corporation, even to the extent of maintaining or defending judicial proceedings. The authority conferred by the Kansas statute upon the Magna Oil & Refining Company as manager of the affairs of the A-1 Oil & Gas Company at the time of its dissolution was clearly sufficient to authorize it to execute a waiver extending the statutory period of limitation for assessment and collection of any tax that might be due upon the income of the A-1 Oil & Gas Company for 1919. The trustee or manager of the affairs of a dissolved corporation clearly has authority to execute a valid waiver. The decisions to this effect are uniform.

Under the waiver which extended the statutory period for assessment against the original taxpayer to December 31, 1926, the Government had one year after the expiration period of limitation, as so extended, for assessment against the transferee as provided in section 280 (b) (1) of the Revenue Act of 1926, 44 Stat. 61. American Natural Gas Co. v. United States, supra. The assessment was made well within this time and plaintiffs are not entitled to recover.

The petition is therefore dismissed. It is so ordered.