## CONSOLIDATED RENDERING CO. v. UNITED STATES.

### No. L–312.

Court of Claims.
Feb. 5, 1934.

GREEN, Judge.

Plaintiff brings this suit to recover $15,-535.56 balance of an overpayment on its taxes of 1918 which had been credited by the Commissioner of Internal Revenue upon its taxes for 1919, the collection of which was barred at the time of such credit. The facts are not in dispute and, so far as material to the decision of the case, will appear in the opinion.

On March 15, 1920, the plaintiff filed a consolidated income and profits tax return for the year 1919 disclosing a tax liability of $324,537.13, which was paid. In April, 1923, the Commissioner assessed a deficiency for 1919 of $7,172.28, which was paid by the plaintiff. On October 25, 1923, plaintiff filed a claim in which no amount was stated, attaching schedules "in support of claim for amortization," and stating: "It is respectfully requested that this company's taxes for the years 1918 and 1919 be redetermined and that appropriate refunds be made." This claim was rejected by the Commissioner on November 4, 1924, but subsequently the claim for amortization was reopened and allowed for the year 1918 in the sum of $241,354.19. This allowance resulted in a decrease of the depreciation allowance theretofore claimed by plaintiff in its return of 1918. In accordance with what had been done, the Commissioner mailed a sixty-day assessment letter to the plaintiff on December 10, 1928, advising it that the allowance of the sum above stated as amortization of war facilities had resulted in an overassessment of $97,274.47 for the calendar year 1918 and a deficiency of $15,535.56 for the calendar year 1919. On January 11, 1929, the plaintiff executed a waiver of right to file a petition with the United States Board of Tax Appeals, and, as stated in the stipulation of the parties, "thereby consented to the assessment and collection of the deficiency in tax of $15,535.56 for the year 1919."

On January 26, 1929, the said deficiency of $15,535.56 for the year 1919 was assessed against the plaintiff, and on January 31, 1929, a schedule of overassessments was issued and signed by the Commissioner, and signed by the collector on February 7, 1929. This schedule showed an overassessment of $97,-274.47 for the year 1918 and $15,535.56 credited on other taxes. Subsequently the Commissioner issued a certificate of overassessment reciting that the amount of overassessment for the year 1918 was $97,274.47, of which amount $15,535.56 was credited to taxes for the year 1919, and $81,738.91 of the overassessment together with $44,705.15 in-

Robert A. Littleton, of Washington, D. C. (Mason, Spalding & McAtee, of Washington, D. C., on the brief), for plaintiff.

J. H. Sheppard, of Washington, D. C., and William W. Scott, of Washington, D. C., for the United States.

Before BOOTH, Chief Justice, and GREEN, WILLIAMS, and WHALEY, Judges.

terest thereon, making a total of $126,444.-06, was refunded. On August 22, 1929, the plaintiff filed two claims for the refund of $15,535.56, one for the year 1918 and one for the year 1919, both based upon the ground that the credit of $15,535.56 of the overpayment was illegally applied to the deficiency for the year 1919.

It will be seen from the foregoing statement of facts that we have here a situation in which the plaintiff filed a claim not stating any amount or what the claim was for except that in the same instrument a claim for amortization was made, and a request that the taxes for 1918 and 1919 be redetermined and refunds made. This was the only statement in the claim which referred to the matter of refund. Whether this amounted to a statutory claim for refund, we do not need to determine, for the claim so made was rejected a little over a year after it was filed. The Commissioner, however, later reopened the claim for amortization and allowed it in a very large sum. Necessarily this allowance of amortization for the year 1918 affected the amount of depreciation for that year and would increase the taxes for 1919. When the Commissioner notified the plaintiff that this amortization allowance had resulted in an overassessment of $97,274.47 for 1918 and a deficiency of $15,535.56 for the year 1919, the plaintiff had the right to take an appeal to the Board of Tax Appeals. Instead of so doing, it filed a waiver of its right to file a petition with that Board and consented to the assessment and collection of the deficiency in tax of $15,535.56 for the year 1919. The Commissioner thereupon proceeded to make the assessment accordingly, and to schedule the overassessment and credit the amount last stated upon the taxes for 1919. Subsequently a certificate in due form was issued showing the allowance of the overassessment with a credit upon the taxes of 1919 and a refund of a total with interest of $126,444.06.

■■ The plaintiff cannot base its suit on the claim for amortization even if it be regarded as a claim for refund, for the reason that it was rejected more than two years prior to the time when the suit was commenced, nor can it avail itself of the last two claims for refund for the reason that both of them were filed more than five years after the last payment was made upon the taxes. It is suggested that the refund claim for the year 1919 is valid for the reason that it was filed within two years after the credit was applied on the taxes for that year and that this amounted to a payment thereof. But plain-tiff must recover, if at all, upon its own theory of the case. It bases its action upon the provisions of sections 607 and 609 of the Revenue Act of 1928 (26 USCA §§ 2607, 2609), which provide, in substance, that the application of an overpayment upon a tax that is barred by the statute of limitations is "void"; that is, it is a mere nullity if the statutory provision applies, and we have heretofore so held. Consequently, if we apply the statute upon which plaintiff relies there was no payment on the 1919 taxes. If, on the other hand, the payment was valid by reason of plaintiff's consent thereto, it could not be recovered back. In either event, no new cause for refund arose. The payment which is sought to be recovered is the overpayment on the taxes of 1918, and the claim for refund of taxes of that year is barred.

■ This seems to be practically conceded by the argument made on behalf of plaintiff which does not rely upon the refund claims but contends that the certificate of overassessment issued in the case constituted an account stated in favor of the plaintiff in the amount of that portion of the overassessment which was not refunded. A consideration of the facts will show that such a contention is not well founded. The certificate of overassessment showed the amount thereof and that only a portion thereof would be refunded, but it also stated that the balance was credited upon the taxes of 1919. The findings of fact made in the case state that there is no evidence to show any agreement or understanding that there was a balance on the account between the parties in favor of plaintiff, but on the contrary, that the account was completely settled. That, under such circumstances, an account stated in favor of plaintiff did not exist is so completely settled by the cases of David Daube v. United States, 59 F.(2d) 842, 1 F. Supp. 771, 75 Ct. Cl. 633, affirmed, 289 U. S. 367, 53 S. Ct. 597, 77 L. Ed. 1261; Leisenring v. United States (decided June 5, 1933) 3 F. Supp. 853, 77 Ct. Cl. ——; R. H. Stearns Co. v. United States (decided January 8, 1934) 290 U. S. ——, 54 S. Ct. 325, 78 L. Ed. ——, we think it is not necessary to add any further comment. Under the rule announced therein, there was no account stated, and plaintiff's action is barred. Moreover, it should be noted that in the case at bar the plaintiff consented to both the assessment and collection of the deficiency in controversy prior to the assessment thereof by the Commissioner and prior to the time when the overassessment was finally determined. Under the doctrine laid down in the

Stearns Case, and the case of Naumkeag Steam Cotton Co. v. United States, 2 F. Supp. 126, 76 Ct. Cl. 687, certiorari denied, 289 U. S. 749, 53 S. Ct. 694, 77 L. Ed. 1495, this action would also preclude any recovery.

Plaintiff's petition must be dismissed. It is so ordered.

BOOTH, Chief Justice, and WHALEY and WILLIAMS, Judges, concur.

LITTLETON, Judge, took no part in the consideration or decision of this case.