### P. H. HANES KNITTING CO. v. UNITED STATES.
### No. 41971.

Court of Claims.
June 3, 1935.

Adrian C. Humphreys and Newton K. Fox, both of New York City, for plaintiff.

J. W. Hussey, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

The defendant issued and delivered to plaintiff on August 13, 1926, a certificate which was in effect a statement of the tax account of plaintiff for the years 1918 and 1919. This certificate showed, among other things, an overassessment for the year 1918 of $35,453.38 and an overpayment for that year of $32,769.56; also, that $20,177.99 and another item not now in controversy had been credited on the taxes for the year 1919 and that the balance then remaining of the overpayment of $7,229.18, together with interest thereon, was refundable. The amount thus shown to be due plaintiff was paid by a check accompanying the certificate. Plaintiff now brings this suit to recover the $20,177.99 which was applied on the taxes of 1919, the collection of which was at that time barred by the statute of limitations. Without going into detail, it may be said that it is practically conceded that plaintiff's suit would also be barred unless it can maintain an action upon an account stated. The theory of the plaintiff is that the certificate to which reference has been made above constituted an admission on the part of defendant that $20,177.99 was due and owing and was in effect an account stated in its favor for that amount.

This court has repeatedly held that one who seeks to recover upon an account stated must take the whole account as presented and cannot select items in his favor and sue thereon as upon an account stated. Among the leading cases on this subject are David Daube v. United States, 59 F.(2d) 842, 1 F. Supp. 771, 75 Ct. Cl. 633, affirmed 289 U. S. 367, 53 S. Ct. 597, 77 L. Ed. 1261; Leisenring v. United States, 3 F. Supp. 853, 4 F. Supp. 993, 78 Ct. Cl. 171, certiorari denied 291 U. S. 682, 54 S. Ct. 558, 78 L. Ed. 1069; Consolidated Rendering Co. v. United States, 5 F. Supp. 774, 78 Ct. Cl. 766, certiorari denied 292 U. S. 656, 54 S. Ct. 863, 78 L. Ed. 1504. To constitute an account stated the balance must have been struck under such circumstances as to import a promise of payment on the one side and acceptance by the other. R. H. Stearns Co. v. United States, 291 U. S. 54, 54 S. Ct. 325, 78 L. Ed. 647. In the instant case a balance was struck and the amount paid to plaintiff and received without objection. The result of the transaction was an account settled. R. H. Stearns Co. v. United States, supra.

The defendant also contends that the surety bond which was given precludes recovery on the part of plaintiff but it is not necessary that we should consider this defense.

Our decision is controlled by the cases above cited, and following the rules laid down therein it is ordered that plaintiff's petition be dismissed.