MASCOT OIL COMPANY, INCORPORATED, *v.* UNITED STATES.

UNITED STATES *v.* WYMAN, PARTRIDGE & COMPANY, INCORPORATED.

HEINER, COLLECTOR OF INTERNAL REVENUE, *v.* ERIE COAL & COKE COMPANY.

Nos. 400, 416, and 508. Argued December 11, 1930.—Decided January 26, 1931.

*Messrs. Theodore B. Benson* and *W. A. Sutherland* argued the cause, and *Mr. Benson* and *Mr. William Meyerhoff* filed a brief, for the Mascot Oil Company, Incorporated.

*Mr. Frank J. Albus*, with whom *Mr. William Meyerhoff* was on the brief, for Wyman, Partridge & Company.

*Mr. Robert A. Applegate*, with whom *Mr. H. B. Mc-Cawley* was on the brief, for the Erie Coal & Coke Company.

*Assistant Attorneys General Rugg* and *Youngquist*, with whom *Solicitor General Thacher* and *Messrs. Claude R. Branch, Sewall Key*, and *Norman D. Keller*, Special Assistants to the Attorney General, and *Erwin N. Griswold, George H. Foster, Bradley B. Gilman*, and *H. Brian Holland* were on the briefs, for the United States and Heiner.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

These actions were brought to recover the amount of taxes alleged to have been illegally collected after the

expiration of the statutory period of limitation. The Government resists recovery under section 611 of the Revenue Act of 1928 (c. 852, 45 Stat. 791, 875). In No. 400, *Mascot Oil Company, Inc.,* v. *United States,* the Government was successful. 42 Fed. (2d) 309. In No. 416, *United States* v. *Wyman, Partridge & Company,* 41 Fed. (2d) 886, and in No. 508, *Heiner, Collector of Internal Revenue,* v. *Erie Coal & Coke Company,* 42 Fed. (2d) 214, the decisions below were in favor of the plaintiffs. This Court granted writs of certiorari.

In No. 400, *Mascot Oil Company, Inc.* v. *United States,* the taxpayer had made a deposit in escrow with a bank to cover the amount of the tax, but, when the collector demanded payment, it was made by the taxpayer under protest and not from the deposit. In No. 508, *Heiner, Collector of Internal Revenue,* v. *Erie Coal & Coke Company,* a bond had been given to secure payment of the tax. The making of the deposit in the former case, and the giving of the bond in the latter, were after the statute of limitations had run, but the taxpayer in each case insists that the statute had not thereby been waived.

We may lay that question aside, for if there was no waiver these two cases, together with No. 416, *United States* v. *Wyman, Partridge & Company,* involved the same circumstances as those decided this day in *Graham* v. *Goodcell, ante,* p. 409, save that collections were made while section 1106 (a) of the Revenue Act of 1926 (c. 27, 44 Stat. 9, 113) was in force.[1] That section was repealed,

---

[1] This section provided: " Sec. 1106 (a). The bar of the statute of limitations against the United States in respect of any internal-revenue tax shall not only operate to bar the remedy but' shall extinguish the liability; but no credit or refund in respect of such tax shall be allowed unless the taxpayer has overpaid the tax. The bar of the statute of limitations against the taxpayer in respect of any internal-revenue tax shall not only operate to bar the remedy but shall extinguish the liability; but no collection in respect of such tax shall be made unless the taxpayer has underpaid the tax."

as of the date of its passage, by section 612 of the Revenue Act of 1928 (45 Stat. 875). It is not necessary to attempt to resolve the questions raised by the ambiguous language of this section, as we are of the opinion that, from any point of view, it does not protect the taxpayers from the operation of section 611 of the Revenue Act of 1928. At the time the taxes were collected, there was no liability on the part of the taxpayers, but this was also true in the case of the petitioners in *Graham* v. *Goodcell, supra.* The Congress had constitutional authority in the circumstances set forth in section 611 of the Revenue Act of 1928 to cure the defect in administration which had resulted in the collection of the tax after the statute of limitations had run and to deny recovery to the taxpayers for the amount paid. The fact that section 1106 (a) of the Revenue Act of 1926 was in effect at the time of the collection is a distinction which does not affect the result.

No. 400, *Mascot Oil Company, Inc.,* v. *United States, judgment affirmed.*

No. 416, *United States* v. *Wyman, Partridge & Company, judgment reversed.*

No. 508, *Heiner, Collector of Internal Revenue,* v. *Erie Coal & Coke Company, judgment reversed.*