## DAUBE v. UNITED STATES.
### No. L-106.

Court of Claims.
Nov. 14, 1932.

LITTLETON, Judge, dissenting.

John E. Hughes, of Chicago, Ill. (William Cogger, of Washington, D. C., on the brief), for plaintiff.

G. Aaron Youngquist and Charles B. Rugg, Asst. Attys. Gen. (Lisle A. Smith and E. E. Angevine, both of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

The motion for new trial is based upon the statement that the court erred in stating.

in the opinion that, although the application of the overpayment was made after the statute of limitations had run, the statute then in force did not extinguish the debt due from the taxpayer, it merely abrogated the remedy. It is urged on behalf of plaintiff that Bowers v. New York & Albany Lighterage Co., 273 U. S. 346, 47 S. Ct. 389, 390, 71 L. Ed. 676, held to the contrary. This is a mistake. The question for decision in that case, as expressly stated in the opinion, was whether section 250 (d) of the Revenue Act of 1921 (42 Stat. 264) barred collection by distraint proceedings begun after the expiration of the five-year period of limitation, and it was held that the word "proceeding" as used in this limitation clause "cannot be restricted to steps taken in a suit; it includes as well steps taken for the collection of taxes by distraint." The reversal by the Supreme Court in 273 U. S. 781, 47 S. Ct. 471, 71 L. Ed. 889, of the Toxaway Mills Case, 61 Ct. Cl. 363, a case which involved the construction of the same statute, did not amount to a decision that the statute barring the remedy extinguished the tax debt. In the Toxaway Mills Case, the record showed that the tax was paid by reason of a demand made by the government after the period of limitations had expired, and the only inference that can properly be made from the reversal is that the Supreme Court considered that a demand made by government officials was a "proceeding" which was barred by the statute; the court having held in the Bowers Case, supra, that the word "proceeding" was "used broadly in reference to steps for the collection of taxes," and that its meaning was not limited to collection by suit.

The basic principle of these cases, as we understand it, is that, where the government, after the period of limitations has run, collects taxes by a proceeding forbidden by law, a suit can be maintained to recover back the money so paid. Obviously, if this were not the case, the statutes so violated would be practically nullified in tax cases, as the taxpayer cannot enjoin proceedings to collect the tax, but is compelled to bring suit to recover the money illegally taken from him. But no such situation is presented by the case at bar, and, as we think, there was no statute in force during the period involved which could possibly be construed as extinguishing the debt when the period of limitations had run.

The argument made on behalf of plaintiff assumes that the case at bar is one in which the government, after action to collect the tax was barred, initiated some kind

of proceedings to obtain its payment. On the contrary, the plaintiff initiated proceedings to have money which belonged to him and was held by defendant applied on the tax debt. The direction to make the application was made before the expiration of the statute of limitations. It is true that the period of limitation as to a part of plaintiff's taxes had expired when the application was made, but that does not alter the situation. The direction to apply the overpayments on the tax still unpaid had not been withdrawn. In the case of Stange v. United States, 282 U. S. 270, 51 S. Ct. 145, 75 L. Ed. 335, the Supreme Court, in affirming the decision of this court (68 Ct. Cl. 395), held that a waiver filed after the period of limitations had expired was not ineffective, and that, by reason of the waiver, money paid on a tax which was barred by the statute of limitations, could be retained by the government. Such a holding would not have been made if the Supreme Court considered that the debt had been completely extinguished by the statute of limitations.

Language is quoted from the decision in Mascot Oil Co. v. United States, 282 U. S. 434, 436, 51 S. Ct. 196, 75 L. Ed. 444, which it is claimed supports plaintiff's contention because it contains a reference to the case of Graham & Foster v. Goodcell, 282 U. S. 409, 51 S. Ct. 186, 75 L. Ed. 415, as being one in which no "liability" existed on the part of the taxpayers after the statute of limitations had run. But the word "liability" has different meanings, and must be construed in accordance with the context. We think it was not used by the Supreme Court in the case cited in the meaning given it by plaintiff. In financial matters the most common meaning of the word, according to the dictionary, is "that which one is under obligation to pay," and an "obligation" is also defined as "that which a person is bound to do or forbear." Plaintiff could not be compelled or obliged to pay the debt, but the indebtedness still existed. The general rule in respect to debts is that "statutes of limitation are regarded as barring the remedy, and not as extinguishing the cause of action." 37 C. J. pp. 698, 699, § 18. In Campbell v. Holt, 115 U. S. 620, 626, 6 S. Ct. 209, 212, 29 L. Ed. 483, the Supreme Court approved the rule that "The statute of limitations only bars the plaintiff's remedy and not the debt. * * * "

In the absence of any special statutory provision which rendered it necessary to so hold, we do not think the Supreme Court intended to abrogate this time-honored doctrine everywhere recognized.

To avoid confusion, it should be kept in mind that there are three different periods of limitation referred to in the former opinion: First, the 1918 taxes of plaintiff as to which the limitation expired before the date of the commissioner's letter authorizing the collector, out of the overassessment of plaintiff's taxes for that year, to satisfy the partnership's liability for 1917 taxes to the extent of $10,874.64, but not until after the approval of the schedule of refunds on March 29, 1924; second, the period of limitations on plaintiff's tax for 1919 which did not expire until 1925 and as to which under no theory of the case did any bar exist during the period involved; third, the period of limitations as to the partnership's tax for 1917 under the waiver which expired April 1, 1924. As to the partnership's tax, it will be seen that at the time the credits were made upon it the period of limitations had run, but both the majority and the dissenting opinions, on account of the directions by plaintiff and the facts of the case, although for somewhat different reasons, considered that the commissioner might properly apply the overpayment on the 1918 tax of plaintiff to the satisfaction of the partnership's tax at the time it was so done. With reference to the refund of $2,628.26 claimed on the taxes for 1919, we stated very fully in the original opinion why we considered that there was no account stated upon which suit could be brought, and further consideration has only strengthened our view that the holding heretofore made was correct.

The motion for new trial must be overruled, and it is so ordered.

LITTLETON, Judge.

I still hold to the views expressed in my opinion published at the time the opinion of the court in this case was published, July 5, 1932.

I think a new trial should be granted as to the item of $2,628.26 for 1919 and denied as to the item of $10,874.64 for 1918.