## UNITED STATES v. ROOT et al.

### No. 6706.

Circuit Court of Appeals, Fifth Circuit.

Jan. 5, 1933.

Rehearing Denied Jan. 28, 1933.

Wright Matthews, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., and C. W. Johnson, Jr., U. S. Atty., of Fort Worth, Tex., for the United States.

Richard Hughston and Albert B. Hall, both of Dallas, Tex., and Earl Conner and Cyrus B. Frost, both of Eastland, Tex., for appellees.

Before BRYAN, FOSTER, and HUT-CHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

The United States brought this suit on a bond given by appellee Root in connection with an abatement claim. By the condition of the bond Root and his surety, the other appellee, obligated themselves to pay "all sums of money finally adjudicated by the Commissioner of Internal Revenue to be due the United States by the principal for the period covered by the claim as taxes, penalties and interest."

Appellee Root contended that, because at the time the bond was exacted the tax was uncollectible because barred, the obligation of the bond to pay the amount of the tax was without binding force. The District Judge before whom the case was tried upon a jury waiver, agreeing with this view, denied recovery. Appellant comes here insisting that the case is ruled by U. S. v. John Barth Co., 279 U. S. 370, 49 S. Ct. 366, 368, 73 L. Ed. 743; Gulf States Steel Co. v. U. S. (C. C. A.) 56 F.(2d) 43, affirmed 53 S. Ct. 69, 77 L. Ed. ——.

The condition of the bond in each of these cases, though differing from that of each of the others in verbiage, is in substance and in legal effect the same. In each of the cases the bond, given in connection with a claim in abatement, was conditioned to await the final action of the Commissioner on the claim. In the Barth Case, the agreement was to pay "any part of the tax which the Commissioner found to be due"; in the Steel Case, it was "to pay so much of the claim as is not abated," that is, to pay all of the claim except that part found by the Commissioner not to be due. In this case it was "to pay all sums of money finally adjudicated by the Commissioner of Internal Revenue to be due for the period covered by the claim as taxes, penalties and interest," that is, pay such part of the deficiency as remained after the claim had been adjudicated.

Appellees urge that though the condition of the bond in suit is substantially the same as that of the others, the circumstances of its giving are so different that those cases cannot rule this. They say that those bonds, voluntarily given while the tax was still collectible for the purpose of gaining time to pay, were supported by adequate consideration; that this bond, given, after limitation had barred the collection of the tax, in order to prevent a wrongful levy, was exacted by duress and is without consideration. We think appellant has the right of it.

The facts are undisputed. On March 15, 1923, within the period of limitation applicable, the Commissioner of Internal Revenue assessed against Root an additional tax of $27,000.98. In July, 1924, as the result of a notice from the Revenue Service that it had a tax warrant ready to issue, and unless the additional tax was paid there would be an immediate distraint, Root, complying with the condition fixed that a bond be filed, filed an abatement claim. The claim recited the filing in April, 1918, of his income tax return, the assessment on March 15, 1923, of the ad-

ditional tax, the issuance of tax warrant, and the demand for payment. It contended that the additional assessment was erroneous, and concluded with a prayer that the taxpayer "be given special consideration and treated as a taxpayer without invested income; that the tax be adjusted upon a reasonable basis, and that the Department find that he has fully paid all taxes due."

The bond, reciting the making of the additional assessment and the filing of the abatement claim, was conditioned in effect to pay such amount of the tax as by his action on the claim in abatement, the Commissioner determined to be due. The collection of the tax stayed, the Commissioner proceeded to re-examine the assessment in the light of the claim, and on January 24, 1928, he notified the taxpayer that his claim had been allowed for $7,510.97, rejected for $19,490.01. He further advised him that he had thirty days in which to present additional evidence to the Commissioner, and sixty days after final determination to file his petition with the Board of Tax Appeals. The claim having been finally adjudicated in accordance with the former decision, and a certificate of over-assessment issued accordingly, the taxpayer filed his petition with the Board of Tax Appeals. The Board, on April 30, 1930, in accordance with a stipulation and request of the parties, entered an order that the statute of limitations had barred the collection of the additional tax.

After the entry of this order, the collection of the tax having then been stayed by the execution of the bond for more than six years, demand was made upon Root that he perform the condition of his bond by paying the $19,409.01 with interest, $8,092.97, which the Commissioner had adjudicated as due. Upon his refusing to pay on the ground that the liability on the bond fell with the liability for the tax, this suit was filed.

In his answer Root for the first time made the contention that the bond was without consideration because exacted by duress. The record shows that Root took no step in the long course of these proceedings except of his own volition, and at no time was there any duress, either in fact or in law, practiced on him. True the collector did insist upon payment, and did advise him that in default of payment there would be distraint. These demands, however, were made in the most courteous and considerate way. The taxpayer was given the fullest time to consider and determine his course; he was allowed to file claim in abatement, was given extension after

extension of time to file his bond. Special consideration was given the claim, and the result of its filing was that the assessment was abated $7,510.97. So unoppressive were the demands, so conspicuous was the indulgence shown, that the taxpayer's representative wrote: "You have been so very kind and obliging about this matter that I hate to ask any further favors, but if this (a further extension of time for making the bond) can be granted we will be under lasting obligations." Such facts do not make out a case of duress.

Until an assessment has been adjudicated to be uncollectible, it is the duty of a collector to press for its collection, and the performance of that duty is not affected by the fact that the assessment which he has in hand to collect, is or may be barred by a statute of limitations.

When the demand is pressed the taxpayer may pay it, or stay its collection in some appropriate way. If he pays it, esteeming it wrongfully collected, he may sue to recover it back. If, preferring to delay its payment until he can have its validity determined, he makes a bond or signs a waiver, such bond or waiver is enforceable according to its terms, though limitation has already run against the collection of the tax. Stange v. U. S., 282 U. S. 270, 51 S. Ct. 145, 75 L. Ed. 335; Brown & Sons v. Burnet, 282 U. S. 283, 51 S. Ct. 140, 75 L. Ed. 343; Mascot Oil Co. v. U. S., 282 U. S. 434, 51 S. Ct. 196, 75 L. Ed. 444; U. S. v. E. Hogshire, Son & Co. (D. C.) 37 F.(2d) 720. Having the right to compel immediate payment unless the taxpayer makes the required application to stay the collection, the exaction of a waiver or bond cannot be duress. U. S. v. Southern Lumber Co. (C. C. A.) 51 F.(2d) 956; Burnet v. Chicago Ry. Equipment Co., 282 U. S. 295, 51 S. Ct. 137, 75 L. Ed. 349; McDonnell v. U. S. (Ct. Cl.) 59 F.(2d) 290, 293. If, after the Commissioner had finally determined the amount due, the taxpayer, instead of filing his petition with the Board for a re-examination, had paid the tax, he could not have recovered it as an overpayment. Bryant-Link Co. v. Hopkins (C. C. A.) 47 F.(2d) 1068; Graham & Foster v. Goodcell, 282 U. S. 409, 51 S. Ct. 186, 75 L. Ed. 415; Magee v. U. S., 282 U. S. 432, 51 S. Ct. 195, 75 L. Ed. 442; Hartwell Mills v. Rose (C. C. A.) 61 F.(2d) 441. Where, as here, the taxpayer, upon the condition that he agree to pay all amounts found finally to be due, has secured consent to file a claim in abatement, asking special treatment, the postponement of the collection of the tax until the claim was final-

ly acted upon, and a substantial reduction of the tax, no reason presents itself why he should not perform his agreement. On the contrary, we think it plain that here, as in the John Barth Case, "The taxpayer has obtained his object by the use of the bond, and he should not object to making good the contract by which he obtained the delay sought."

The judgment is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.