**UNITED STATES v. CALUMET STEEL CO.**

No. 5256.

Circuit Court of Appeals, Seventh Circuit.

Dec. 14, 1934.

Rehearing Denied Jan. 28, 1935.

Frank J. Wideman, Asst. Atty. Gen., Sewall Key and D. Louis Bergeron, Sp. Assts. to Atty. Gen., Dwight H. Green, U. S. Atty., of Chicago, Ill., and Arnold Raum, of Washington, D. C.

George K. Bowden and Vincent J. Heffernan, both of Chicago, Ill., for appellee.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

SPARKS, Circuit Judge.

This appeal, which involves income and excess profits taxes for the year 1917, is from a judgment rendered in favor of the taxpayer in a suit brought by it in the District Court for the recovery of certain amounts alleged to have been illegally collected by the Government in 1928 under threat of distraint.

The facts found which are pertinent to the questions presented, are as follows: On April 1, 1918, appellee filed its income and profits tax return for the year 1917, and in 1918 paid the tax liability therein reflected. Later it executed and delivered to the Collector waivers of the statute of limitations with respect to additional income and profits taxes for 1917, and those waivers expired April 1, 1924. On March 27, 1924, the Commissioner, under section 250 (d) of the Revenue Act of 1921 (42 Stat. 265), assessed against appellee an additional income and profits tax for the year 1917 in the amount of $20,344.06. On April 8, 1924, appellee filed with the Collector its claim in abatement protesting the additional assessment, and on April 10, 1924, it filed with the Collector its bond conditioned upon its payment upon notice and demand by the Collector of any part of the assessment found to be due and payable. On July 10, 1925, the claim in abatement was rejected by the Commissioner, which rejection was sustained by the Board of Tax Appeals, November 18, 1927. Appeal of Calumet Steel Co., 9 B. T. A. 174. On January 11, 1928, without suit or other proceeding for the collection of the tax, interest, or penalty, the Collector caused to be issued and served upon appellee a warrant for distraint demanding, under threat of seizure and sale, payment of the following items:

| | |
|---|---|
| Tax | $20,344.06 |
| Penalty of 5 per centum | 1,017.20 |
| Interest | 3,018.71 |
| Additional Interest | 4,792.84 |
| | $29,172.81 |

The interest demand was based upon an admittedly incorrect computation, in that the

maximum interest which might have been properly asserted, were it not for the statute of limitations, was $4,665. There was no basis in fact for the assertion of the 5% penalty, and it was afterwards abandoned by the Bureau.

On January 13, 1928, appellee under formal protest paid in full the amount of tax assessed, and on the same day paid under protest to the Collector $3,158.52 to be applied upon the Bureau's demand for interest. The last payment was accompanied by an executed "offer in compromise" form at the suggestion of the Deputy Collector, and for the sole purpose of effecting a correction of the Bureau's computation of interest which was then admitted to be excessive. That form contained, among other similar clauses, the following "(a) Having paid or satisfied, without recourse, the tax or taxes assessed for the period involved. * * *" Instructions were printed therein to strike out words not applicable, but no portion of the printed provisions were stricken from the form as executed and filed.

On May 2, 1928, the Commissioner advised appellee that the payment of $3,158.52 was not acceptable because inadequate, and demanded the further payment of $1,506.48, which, pursuant to that demand, was paid by appellee to the Collector on May 29, 1928. The Commissioner, on or about August 29, 1928, accepted appellee's two advances in the aggregate amount of $4,665 as payment in full of the Bureau's corrected claim for interest, without the execution by appellee of any "offer in compromise" form acceptable to the Bureau.

All payments by appellee of the taxes and interest in controversy were made by it under duress and with the intent by it to preserve its rights to sue for the refund of the moneys so paid, and those payments were accepted by the Bureau pursuant to appellee's intent and without prejudice to appellee's right to the refund.

On September 17, 1928, appellee filed with the Collector a claim for refund with respect to the controverted payments, basing its claim on the fact that those payments had been made under protest upon service of a distraint warrant, under threat of seizure and sale of its property, and after the extinguishment of all liability by virtue of the running of the statute of limitations upon collection. The claim for refund was rejected by the Commissioner on December 7, 1928, and this suit was instituted in the District Court on January 22, 1930.

The court concluded that the assessment against, and the collection from, appellee of additional income and profits taxes for the year 1917 was barred by the statute of limitations at all times after April 1, 1924; that there existed in January, 1928, no liability against appellee for unpaid taxes and interest based upon 1917 income and profits; that the several collections from appellee by the Collector in 1928 constituted unauthorized and illegal exactions, and an overpayment refundable to appellee in the sum of $25,009.06, together with interest as provided by law from the dates of the respective payments.

It is urged by the Government: (1) That the collection of the tax was properly stayed within the meaning of sections 607 and 611[1] of the Revenue Act of 1928 (26 USCA §§ 2607, 2611), by the filing of the claim in abatement and the surety bond; (2) that there was a valid and binding compromise of the penalty and interest asserted by the Commissioner and demanded by the Collector, under section 3229 of the Revised Statutes (26 USCA § 158)[2]; and (3) that the contro-

---

[1] Revenue Act of 1928, c. 852, 45 Stat. 791:

"Sec. 607. Any tax * * * assessed or paid (whether before or after the enactment of this Act [May 29, 1928]) after the expiration of the period of limitation properly applicable thereto shall be considered an overpayment and shall be credited or refunded to the taxpayer. * * *

"Sec. 611. If any internal-revenue tax * * * was, within the period of limitation properly applicable thereto, assessed prior to June 2, 1924, and if a claim in abatement was filed, with or without bond, and if the collection of any part thereof was stayed, then the payment of such part (made before or within one year after the enactment of this Act [May 29, 1928])

shall not be considered as an overpayment under the provisions of section 607 [section 2607], relating to payments made after the expiration of the period of limitation on assessment and collection." (26 USCA §§ 2607, 2611.)

[2] Revised Statutes:

"Sec. 3229. The Commissioner of Internal Revenue, with the advice and consent of the Secretary of the Treasury, may compromise any civil or criminal case arising under the internal-revenue laws instead of commencing suit thereon; and, with the advice and consent of the said Secretary and the recommendation of the Attorney General, he may compromise any such case after a suit thereon has been commenced. Whenever a compro-

verted payments were made upon the bond which was executed on April 19, 1924.

In the District Court the Government contended that the controverted payments had not been made upon an obligation to pay taxes, but upon the obligation of the bond, and it further contended that the so called "offer in compromise" containing the printed clause "this payment is made without recourse" should be construed to mean a compromise settlement of the entire tax liability. It is true that the first of the two contentions presented to the trial court was not urged in appellant's brief here, but with this court's permission it was presented in a supplemental brief.

Appellee contends that the question now urged with relation to sections 607 and 611 of the Act of 1928 (26 USCA §§ 2607, 2611) was not presented to the District Court, and for that reason it should not be considered here. We think it unnecessary to decide this question, in view of our holding that appellee's recovery is precluded by the terms of its bond.

At the time this bond was given the statute of limitations for the collection of the tax had expired, and had appellee at that time desired to avail itself of that statute, it could have done so. This was a right which it alone could exercise, but it was not compelled to do so. At that time the effect of the statute, if relied upon, was merely to preclude a recovery of the tax. Prior to the Act of 1926 (44 Stat. 9) the statute did not extinguish the liability, nor did it prevent the debtor from waiving the right thus accorded it, nor did it prevent it from afterwards acknowledging the debt and promising to pay it, and if it did so it was bound by the promise. Cf. Stange v. United States, 282 U. S. 270, 51 S. Ct. 145, 75 L. Ed. 335. See also 17 R. C. L. 887–901.

■■■ The claim in abatement did not raise the question of the statute of limitations, and it was never raised until 1928. The claim in abatement was based upon the alleged fact that the additional tax had been assessed without compliance with section 250 (d) of the Revenue Act of 1921 (42 Stat. 265), and prior to the Commissioner's consideration of appellee's application for assessment under the provisions of section 210 of the Revenue Act of 1917 (40 Stat. 307). The bond was given for the purpose of delaying and suspending the collection of the tax until the questions raised by the claim in abatement were decided. They were decided adversely to appellee by the Commissioner, and his ruling was sustained by the Board in 1927 on appellee's petition for a redetermination. Appeal of Calumet Steel Co., 9 B. T. A. 174. That opinion discloses that the only questions raised before the Board related to the Commissioner's refusal to allow in the taxable year the deduction of an alleged loss, and the reduction of appellee's invested capital by the amount of such loss. The Board's decision with respect to the questions before it was not attacked in the present action, but appellee bases its right to a refund on the alleged fact that at the times of the controverted payments not only the right to collect the taxes was barred, but its liability therefor was extinguished. It seems clear to us, however, that when appellee executed its bond in connection with its claim in abatement, it not only acknowledged the Government's claim for taxes, except for the questions raised by the claim in abatement, but it also expressly agreed to pay the amount demanded in case those questions were decided against it. The obligation was then in the nature of a bond, against which the statute of limitations did not run, and this is true regardless of whether the statute had run against the collection of the taxes, as such, before or after the bond was given. The fact that the Act of 1926 extinguished the liability for taxes, the collection of which was barred by the statute of limitations, can in no manner affect the obligations under the bond which was given, we think voluntarily, prior to the enactment. It can hardly be said that the bond was given under duress, for appellee then had the alternative right of paying the Government's demand under protest, with the further right of a refund in case appellee prevailed in its contentions. It chose to file the bond, and this at a time when it knew that its liability for the tax was not extinguished, and that the statute of limitations with respect to its collection would be of no avail as a defense against the obligation on the bond. See Heiner v. Erie Coal & Coke Co., 282 U. S. 434, 51 S. Ct. 196, 75 L. Ed. 444; United States v. Root (C. C. A.) 62 F.(2d) 385, cer-

mise is made in any case there shall be placed on file in the office of the commissioner the opinion of the Solicitor of Internal Revenue, or of the officer acting as such, with his reasons therefor, with a statement of the amount of tax assessed, the amount of additional tax or penalty imposed by law in consequence of the neglect or delinquency of the person against whom the tax is assessed, and the amount actually paid in accordance with the terms of the compromise."

tiorari denied 289 U. S. 733, 53 S. Ct. 593, 77 L. Ed. 1481; Bryant-Link Co. v. Hopkins (C. C. A.) 47 F.(2d) ·1068; United States v. E. Hogshire, Son & Co. (D. C.) 37 F.(2d) 720.

The judgment of the District Court is reversed and the cause is remanded with instructions to render judgment for the appellant.