ESTATE OF MILTON SALIT, Deceased, ELLIN S. RIND, Executrix, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Salit v. Commissioner
Docket No. 5837-78.
United States Tax Court
T.C. Memo 1982-554; 1982 Tax Ct. Memo LEXIS 188; 44 T.C.M. (CCH) 1205; T.C.M. (RIA) 82554; September 23, 1982. William Slivka, for the petitioners. Robert J. Alter, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND *189 OPINION TANNENWALD, Chief Judge:* Respondent determined a deficiency of $64,365 in petitioner's Federal estate tax. After concessions by the petitioner, the issues remaining for our decision are: (1) whether the death benefits paid by the New York City Teachers' Retirement System qualify for exclusion from decedent's gross estate under section 2039(c); [1] (2) whether petitioner is entitled to a credit for tax on prior transfer under section 2013. [2]
*190 FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated by this reference. Petitioner is the Estate of Milton Salit, represented by its executrix, Ellin S. Rind (Ms. Rind). [3] At the time she filed the petition in this case, Ms. Rind resided in New Rochelle, N.Y. On June 5, 1969, Milton Salit (decedent) executed an irrevocable inter vivos trust agreement between himself as grantor and Ms. Rind, his only child, as trustee. Decedent retained no right to alter or amend the trust instrument. The agreement contained the following provision: 3. DISPOSITIVE PROVISION. The Trustee shall hold and dispose of the trust estate as follows: The Trustee shall hold, manage and control the property comprising the trust estate, collect the income therefrom, and out of same, shall pay all taxes and other incidental expenses of the trust, including his own commissions as hereinafter provided, and shall pay or apply the net income derived therefrom and shall distribute or apply the principal thereof, as follows: (1) During the life of HELEN G. *191 SALIT, wife of the Grantor, to pay to or apply to her benefit, quarter-annually, all of the net income of the trust, so long as she shall live. (a) The Trustee is authorized to invade the principal of the Trust up to the amount of FIVE THOUSAND ($5,000.00) DOLLARS in any one year, non-cumulative, for any purpose whatsoever, in the sole discretion of HELEN G. SALIT. The Trustee is further authorized to invade the principal of the trust, in her sole discretion, in any amount for the support, maintenance, comfort and general welfare of HELEN G. SALIT. (2) Upon the death of HELEN G. SALIT, the trust estate shall terminate and the corpus and undistributed income of said trust shall be paid over to ELLIN JANE RIND, daughter of the Grantor, but if she is not alive at said time, the corpus and undistributed income of the said trust shall be paid over, it equal shares, to the issue of ELLIN JANE RIND. Pursuant to the terms of the trust agreement, on June 5, 1969, $100 was deposited in a savings account with People's Bank for Savings of New Rochelle (People's Bank). The decedent transferred no other assets to the trust prior to his death. Decedent was a longtime employee of the *192 New York City Board of Education and a member of the City of New York Teachers' Retirement System (Retirement System). On April 13, 1971, decedent filed a designation of beneficiary form with the Retirement System designating as beneficiary of all benefits in the event of his death before attaining eligibility or thereafter, his wife, Helen G. Salit, if living, or otherwise his daughter, Ellin Jane Rind. Decedent had wished to make the inter vivos trust the beneficiary but was advised that under then existing law the beneficiary under the Retirement System had to be an individual rather than a trust. The Administrative Code of the City of New York was subsequently amended to permit a participant in the Retirement System to designate the trustee of an inter vivos trust as a beneficiary of death benefits. On May 2, 1972, decedent filed a new designation form with the Retirement System designating Ellin Jane Rind, trustee of the inter vivos trust dated June 5, 1969, as the sole beneficiary of all death benefits due by reason of his death. Decedent could not make this designation prior to May 2, 1972, although the enabling legislation was in effect prior to that date, because of *193 the delay in the preparation of the necessary forms by the Retirement System. Decedent retired from the Retirement System effective as of November 9, 1972. On November 15, 1972, decedent received a letter from the Retirement System requesting that he refile the beneficiary designation on a newly revised form. Decedent did so on November 17, 1972. On April 9, 1973, decedent duly executed another revised beneficiary designation form, entitled "Selection of Trustee of An Inter Vivos Trust As Beneficiary of Benefits Under Option One," designating Ellin Jane Rind, trustee, as beneficiary. Under the rules governing the System, decedent retained, until his death, the right to revoke the beneficiary designation of the inter vivos trust by naming an individual beneficiary or beneficiaries. The last beneficiary designation superseded any and all previous designations. Decedent's wife, Helen G. Salit, predeceased decedent on August 3, 1973. Decedent died testate on April 10, 1974. His Last Will and Testament, dated December 8, 1971, was duly admitted to probate by the Surrogate's Court of West-chester County, N.Y. His will contained the following provision: FOURTH: (A) I give to *194 my wife, HELEN G. SALIT, if she survive me, an amount equal to fifty (50%) percent of the value of my adjusted gross estate as determined for Federal estate tax purposes * * *. (B) I devise and bequeath all the rest, residue and remainder of the property owned by me at my death to the Trustee under a certain irrevocable Trust Agreement dated June 5th, 1969, executed by me as Grantor and ELLIN JANE RIND, as Trustee. Said devise and bequest shall be added to the principal of the Trust Fund therein established as an integral part thereof, to be held, administered and distributed by the Trustee in accordance with all the terms and provisions of the said agreement. Decedent's will provided for no alternative disposition of his estate. At the date of decedent's death, the Retirement System met the qualification requirements prescribed by section 401(a). On March 29, 1975, Ms. Rind filed a Claimant's Statement with the Retirement System in a dual capacity, executing Part B of the Statement in her individual name as the designated beneficiary and executing Part C of the statement as the trustee of an inter vivos trust. On or about June 13, 1975, the Retirement System made a payment *195 to Ellin Jane Rind as trustee of an inter vivos trust in the amount of $212,143.48, which payment she deposited in a trust account with People's Bank. OPINION The first issue for our determination is whether the payment made upon decedent's death by the Retirement System was receivable by the executrix of decedent's estate. If so, the total payment of $212,143.48 is includable in decedent's gross estate. Section 2039(a), (c). [4] If the proceeds were receivable by any beneficiary other than the executrix, the parties agree that $33,816.52 is includable in decedent's gross estate as attributable to contributions made by decedent plus the increment thereon. See section 2039(c). *196 The creation of legal interests and rights in property is governed by state law. Schottenstein v. Commissioner,75 T.C. 451, 462 (1980). Petitioner and respondent agree that the determination of who is entitled to receive the Retirement System proceeds is to be made under New York law. The parties also agree that the decedent's designation of Ms. Rind, in her capacity as trustee of an inter vivos trust, as beneficiary of the proceeds was in accordance with New York law. See N.Y. Est. Powers & Trusts Law sec. 13-3.3 (McKinney Supp. 1981-1982). [5] However, the parties disagree as to the effect subsequent events had on such designation. Respondent contends: (1) the inter vivos trust terminated on August 3, 1973, upon the death of decedent's wife; (2) upon such termination, the trustee's designation as beneficiary failed and the Retirement System proceeds became payable to decedent's estate. Retitioner argues apparently in the alternative: (1) the trust survived until decedent's death; (2) even if the trust terminated upon the death of decedent's wife, by the terms of the trust agreement and by operation of law, the right to receive the *197 death benefits passed to Ms. Rind as remainderman of the trust; (3) in any event, the payment to the trustee was in accordance with the New York statutory scheme in respect of the designation of an inter vivos trustee as beneficiary of the Retirement System proceeds. *198 We hold that decedent's designation of the trustee as beneficiary of the proceeds remained valid and that the proceeds were properly payable to Ms. Rind as trustee irrespective of when the trust terminated for other purposes (i.e., in respect of the distribution of the trust corpus and the "pour-over" provision of decedent's will). [6]
As we have indicated previously, it is undisputed that decedent properly designated as beneficiary of the Retirement System proceeds a "[t]rustee under a trust agreement * * * in existence at the date of such designation, and identified in such designation." See section 13-3.3(a)(1). It is also uncontroverted that, although decedent retained until his death the right to revoke such beneficiary designation, he never exercised that right. [7] In fact, each time the Retirement System revised its forms, the decedent designated as beneficiary Ms. Rind in her capacity as trustee under the trust agreement dated June 5, 1969. New York law provides that when a trustee has been properly designated as the beneficiary of death benefits, *199 "such proceeds shall be paid to such trustee."Section 13-3.3(a)(1) (emphasis added). Contrary to respondent's assertions, the statute provides no exception to this general rule for trusts which, for other purposes, may have terminated. Respondent emphasizes that section 13-3.3 provides that "such proceeds shall be paid to such trustee and be held and disposed of in accordance with the terms of such trust agreement * * * including any amendments thereto, as they appear in writing on the date of the death of the insured, employee or participant." (Emphasis added by respondent.) We fail to see how this statutory language supports respondent's position. The underscored language was added to the statute merely to clarify the effect of amendments made to a trust agreement, i.e., written amendments to a trust instrument *200 are to be given effect by the trustee in holding and distributing the proceeds. See P. Rohan, Supplementary Practice Commentary to N.Y. Est. Powers & Trusts Law sec. 13-3.3 (McKinney Supp. 1981-1982). In the instant case, decedent retained no power to revoke, alter, or amend the trust; the trust agreement which existed as the date of the decedent's death and in accordance with which the proceeds were to be distributed was the same trust agreement which decedent originally executed. Thus, the above-emphasized language has no bearing on this case. Respondent also directs our attention to subsection (b) of section 13-3.3, which provides that if no qualified trustee claims the proceeds within a specified time, such proceeds shall be paid to decedent's personal representative unless decedent's agreement with the payor provides otherwise. Again, we do not believe that this subsection lends support to respondent's position. Subsection (b) merely provides for the distribution of proceeds which are not claimed by a "qualified trustee"; it sheds no light on the question of who is such a "qualified trustee." Indeed, it seems apparent from the structure of section *201 13-3.3 that this provision, relating to a "qualified trustee," was directed to testamentary trustees where court action, i.e., admission of the will to probate and qualification as trustee thereunder, is required. [8] In any event, in respect of an inter vivos trust, we believe that a trustee who satisfies the criteria of section 13-3.3(a)(1) -- a trustee under an inter vivos agreement in existence at the date of such designation -- is a "qualified trustee." Ms. Rind, as trustee, met the criteria of subsection (a)(1) and made her claim as trustee. Accordingly, because the proceeds were claimed by a qualified trustee within the specified time period, section 13-3.3(b) is inapplicable. When originally enacted, section 13-3.3 was viewed as a compromise "pour-over" statute. See S. Hoffman, Practice Commentary to N.Y. Est. Powers & Trusts Law sec. 13-3.3 (McKinney 1967). After the enactment of section 13-3.3, the New York Legislature passed a general pour-over statute, *202 see N.Y. Est. Powers & Trusts Law sec. 3-3.7 (McKinney 1981), [9] which provides in relevant part: (a) A testator may by will dispose of or appoint all or any part of his estate to a trustee of a trust, the terms of which are evidenced by a written instrument executed by the testator * * * provided that such trust instrument is executed and acknowledged by the parties thereto in the manner required by the laws of this state for the recording of a conveyance of real property, prior to or contemporaneously with the execution of the will, and such trust instrument is identified in such will. (e) A revocation or termination of the trust before the death of the testator shall cause the disposition or appointment to fail, unless the testator has made an alternative disposition. If we were dealing here with a pour-over provision of a will, it appears that the termination of the trust prior to decedent's death would cause the disposition to fail. See section 3-3.7(e). However, at issue here is the designation of a beneficiary of *203 contractual benefits governed by section 13-3.3, and not the provisions of a will. Hence, section 3-3.7 simply does not apply herein. Moreover, it is significant that there is no provision similar to section 3.3-7(e) in section 13-3.3. The absence of such a provision further supports our conclusion that, regardless of whether the trust "terminated" for other purposes, the death benefit proceeds remained payable to Ms. Rind as trustee. If the legislature had wanted to provide that the termination of the trust prior to its receipt of the benefits would cause the beneficiary designation to fail, it is clear they knew how to say so. See section 3-3.7(e). Instead, the legislature provided that if the benefits were made payable to a trustee in a manner prescribed by section 13-3.3"such proceeds shall be paid to such trustee."Section 13-3.3(a)(1) (emphasis added). In sum, for the reasons indicated above, we agree with petitioner that the death benefit proceeds were properly payable to Ms. Rind as trustee of the inter vivos trust. [10]
*204 The second issue relates to petitioner's claim of a credit in the amount of $375 for tax on a prior transfer under section 2013. The alleged prior transfer is a life estate of decedent in a nonmarital deduction trust under his wife's will. We see no need to belabor this issue, because, on the record before us, petitioner has utterly failed to carry its burden of proof. Rule 142(a). With the exception of the computations of the credit on decedent's estate tax return, petitioner has failed to submit any evidence that a tax was paid by the estate of decedent's wife and, if so, what portion of the estate tax was attributable to the life estate. The estate tax return of decedent's wife is not included in the record, nor is her Last Will and Testament. As to the value of the life estate, petitioner contends only that it is to be computed "as of the date of the transferor's death on the basis of recognized valuation principles." But the record itself lacks sufficient probative evidence to enable us to undertake the calculation of any such value. In view of the foregoing, respondent's determination as to the credit under section 2013 is sustained. Decision will be entered under *205 Rule 155.
Footnotes
*. This case was tried before Judge Sheldon V. Ekman, who died before deciding the case. By order, the case was reassigned to Judge Theodore Tannenwald, Jr.↩, for disposition. 1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. On breif, petitioner acknowledges that if we determine that the exclusion provisions of section 2039(c) are applicable to the pension proceeds, no exclusion should be allowed for that part of the value of the death benefits attributable to contributions made by decedent (and the increment thereon) and further acknowledges this amount to be $33,816.52.↩
3. Ms. Rind is also known as Ellin Jane Rind.↩
4. Section 2039 provides: (a) General. -- The gross estate shall include the value of an annuity or other payment receivable by any beneficiary by reason of surviving the decedent under any form of contract or agreement entered into after March 3, 1931 (other than as insurance under policies on the life of the decedent), if, under such contract or agreement, an annuity or other payment was payable to the decedent, or the decedent possessed the right to receive such annuity or payment, either alone or in conjunction with another for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death. (c) Exemption of Annuities Under Certain Trusts and Plans. -- Notwithstanding the provisons of this section or of any provision of law, there shall be excluded from the gross estate the value of an annuity or other payment (other than an amount described in subsection (f)) receivable by any beneficiary (other than the executor) under -- (1) An employees' trust (or under a contract purchased by an employees' trust) forming part of a pension, stock bonus, or profit-sharing plan which, at the time of the decedent's separation from employment (whether by death or otherwise), or at the time of termination of the plan is earlier, met the requirements of section 401(a); If such amounts payable after the death of the decedent under a plan described in paragraph (1) * * * are attributable to any extent to payments or contributions made by the decedent, no exclusion shall be allowed for that part of the value of such amounts in the proportion that the total payments or contributions made by the decedent bears to the total payments or contributions made. * * *↩
5. Section 13-3.3 provides in pertinent part: (a) The proceeds of thrift, savings, pension, retirement, death benefit, stock bonus and profitsharing plans, systems or trusts, of life, group life, industrial life or accident and health insurance policies and of annuity, endowment and supplemental insurance contracts (hereinafter referred to as "proceeds") may be made payable to a trustee designated as beneficiary in the manner prescribed by this section and named as: (1) Trustee under a trust agreement or declaration of trust in existence at the date of such designation, and identified in such designation, and such proceeds shall be paid to such trustee and be held and disposed of in accordance with the terms of such trust agreement or declaration of trust, including any amendments thereto, as they appear in writing on the date of the death of the insured, employee or participant. It shall not be necessary to the validity of any such trust agreement or declaration of trust that it have a trust corpus other than the right of the trustee as beneficiary to receive such proceeds. (2) Trustee of a trust to be established by will, and upon qualification and issuance of letters of trusteeship such proceeds shall be payable to the trustee to be held and disposed of in accordance with the terms of such will as a testamentary trust. A designation which in substance names as such beneficiary the trustee under the will of the insured, employee or participant, shall be taken to refer to the will of such person actually admitted to probate, whether executed before or after the making of such designation. (b) If no qualified trustee claims such proceeds from the insurer or other payor within eighteen months after the death of the insured, employee or participant, or if satisfactory evidence is furnished to the insurer or other payor within such period showing that there is or will be no trustee to receive such proceeds, such proceeds shall be paid by the insurer or other payor to the personal representative or assigns of the insured, employee or participant, unless otherwise provided by agreement with the insurer of other payor during the lifetime of the insured employee or participant. Although section 13-3.3 was not enacted in its present form (as quoted above) until 1976, "[t]his section shall be construed as declaring the law as it existed prior to its enactment and not as modifying it." N.Y. E.P.T.L. section 13-3.3 (McKinney Supp. 1981-1982). All future references to section 13-3.3 will be to N.Y. E.P.T.L. section 13-3.3↩ (McKinney Supp. 1981-1982).
6. As a consequence, we find it unnecessary ot resolve the issue of "termination" or the related evidentiary questions.↩
7. Decedent's retained power to revoke the beneficiary of the Retirement System benefits does not provide a basis for inclusion in the gross estate because of the "notwithstanding" clause of section 2039(c), and, in any event, respondent has not argued otherwise. See Rev. Rul. 70-211, 1970-1 C.B. 190; Rev. Rul. 67-371, 1967-2 C.B. 329↩.
8. Section 13-3.3(a)(2), dealing with a testamentary trustee, uses the word "qualification," while section 13-3.3(a)(1), dealing with inter vivos rights, does not. See n. 5 supra.↩
9. All future references to section 3-3.7 will be to N.Y. E.P.T.L. section 3-3.7↩ (McKinney 1981).
10. Petitioner argues that section 13-3.2 supports its position that the proceeds were payable to Ms. Rind as trustee. N.Y. E.P.T.L. section 13-3.2 (McKinney 1967) provides: (a) If a person is entitled to receive (1) payment in money, securities or other property under a pension, retirement, death benefit, stock bonus or profit-sharing plan, system or trust * * * the rights of persons so entitled or designated and the ownership of money, securities or other property thereby received shall not be impaired or defeated by any statute or rule of law governing the transfer of property by will, gift, or intestacy. (b) Paragraph (a) applies although a designation is revocable or subject to change by the person who makes it, and although the money, securities or other property receivable thereunder are not yet payable at the time the designation is made or are subject to withdrawal, collection or assignment by the person making the designation. (c) A person entitled to receive payment includes: (3) Any person entitled to receive payment by reason of a payee or beneficiary designation described in this section. Because we hold for petitioner on the basis of section 13-3.3↩, it is unnecessary for us to address petitioner's argument in respect of section 13-3.2.