**In re Leon Victor LUKE, Debtor.**

**Leon Victor LUKE, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE, Defendant.**

Bankruptcy No. SL 91–82126.
Adv. No. 91–8487.

United States Bankruptcy Court,
W.D. Michigan, S.D.

June 3, 1992.

On Motion for Reconsideration
June 12, 1992.

Edward B. Spence, Lansing, Mich., for debtor.

U.S. Attorneys' Office, John A. Lindquist, Washington, D.C., for I.R.S.

### AMENDED OPINION GRANTING MOTION FOR SUMMARY JUDGMENT IN PART

JO ANN C. STEVENSON, Bankruptcy Judge.

This adversary proceeding was filed by the Debtor to determine the dischargeability of certain claims of the IRS for unpaid federal income taxes. Debtor filed his chapter 11 petition on April 15, 1991. As of July 2, 1991, the date of the commencement of the adversary proceeding, there were federal income taxes due but unpaid for each tax year from 1984 to 1988. While there appears to be some dispute as to the amount of these taxes, the determination of the exact amount of the taxes due each year does not appear to be necessary to a resolution of this matter.

The Debtor argues that the taxes are dischargeable, citing 11 U.S.C. § 523(a)(1)(B)(ii). In his prayer for relief the Debtor requests that the Court "grant a discharge of the debtor's debt to the

Internal Revenue Service in the amount of $99,865.68."

The IRS's motion alleges that it is entitled to summary judgment because 1) the court cannot discharge a debt prior to the confirmation of a plan, and 2) because the tax years 1987 and 1988 are nondischargeable under 11 U.S.C. § 523(a)(1)(A).

■ The Court rejects the argument that the IRS is entitled to summary judgment based upon ripeness. Although this Court cannot waive the other requirements necessary to determine whether the Debtor is ultimately entitled to a discharge under chapter 11, the Court certainly may determine the dischargeability of the debts in question prior to confirmation. The applicable rule, FED.R.BANKR.P. 4007, explicitly allows the filing of such complaints at any time, so long as the claim is not brought pursuant to § 523(c). Indeed, in cases under § 523(c), admittedly not applicable in this matter, a creditor objecting to dischargeability of a claim *must* file suit before a discharge is granted. The Court refuses to dismiss this case on a hypertechnical reading of the prayer for relief contained in the Debtor's complaint.

■ The Court finds more merit in the IRS's second contention, that the window of nondischargeability for its claims in this case extends back three years from the date of the petition and encompasses the 1987 and 1988 tax years. 11 U.S.C. § 523(a) provides that a debt may not be discharged:

(1) for a tax or a customs duty—
(A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(7) of this title, whether or not a claim for such tax was filed or allowed;
(B) with respect to which a return, if required—
(i) was not filed; or
(ii) was filed after the date on which such return was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition ...

The referenced portion of § 507 is as follows:

(a) The following expenses and claims have priority in the following order:

.      .      .      .      .

(2) Second, unsecured claims allowed under section 502(f) of this title.

.      .      .      .      .

(7) Seventh, allowed unsecured claims of governmental units, only to the extent that such claims are for—
(A) a tax on or measured by income or gross receipts—
(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition....

Section 523(a)(1)(A) makes all taxes which are priority claims under § 507(a)(7) nondischargeable, and incorporates by reference the time periods set forth in § 507(a)(7). The reference to a two year period in § 523(a)(1)(B) is irrelevant to the issue at hand because the IRS is not relying on that section in defending the nondischargeability of its claim, and the three subparagraphs of § 523(a)(1) are alternative provisions.

Debtor apparently concedes that the proper period is three years rather than two. He does assert that "the statute does not clearly set forth this proposition", Debtor's brief at 2, but the language of the statute is quite clear in its reference to the periods set forth in § 507(a)(7) and in its use of the word "or" to separate the subparts of § 523(a)(1). This very issue was discussed in *In re Etheridge*, 91 B.R. 842, 845 (Bankr.C.D.Ill.1988), cited by *Debtor*, in which the court stated:

This Court believes that the rule of construction as applied in the *Easton* case is likewise applicable in this case. The subparagraphs of Section 523(a)(1)(A) are in the alternative. Even though the tax may not be excepted from discharge pursuant to Section 523(a)(1)(B)(ii) the taxes are not discharged because the State can take advantage of Section 523(a)(1)(A) and Section 507(a)(7)(A)(i) and (E).

The court goes on to cite the policy considerations behind the various exemptions. A similar result was reached in *In re Smith,* 109 B.R. 243 (Bankr.W.D.Ky.1989) *aff'd sub nom. Smith v. U.S.* 114 B.R. 473.

■ Even though the IRS prevails on the § 507(a)(7)(A) issue, there is a curious question that arises as a result of the filing this case on tax day, April 15, 1991. The date three years prior to the filing of bankruptcy would have been April 15, 1988. The return was last due for the 1987 taxes on the same day. Neither party addresses the issue of what happens when the Debtor files on tax day. Fortunately, the language of the statute appears unambiguous, if a bit unwieldy. In order to be accorded priority status and thus also be nondischargeable the tax year in question must be one

> ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition....

11 U.S.C. § 507(a)(7)(A)(i). Substituting actual dates from this case for the language in the statute establishes that the tax may be dischargeable, assuming the Debtor proves the remaining elements of his case. The tax return for the year in question, 1987, was last due on April 15, 1988. No one has argued that an extension was granted. The date three years before the filing of the petition was April 15, 1988. In order to qualify, the tax return for 1987 must therefore have been last due *after* April 15, 1988. However, it was last due *on* April 15, 1988. Therefore, it is not entitled to priority and, *a priori,* is not nondischargeable under § 523(a)(1)(A).

For these reasons, the IRS's motion is granted only as to tax year 1988.

IT IS SO ORDERED.

OPINION AND ORDER GRANTING MOTION FOR RECONSIDERATION AND AFFIRMING THE COURT'S PRIOR AMENDED OPINION DATED JUNE 3, 1992

This matter came before the Court on the Internal Revenue Service's ("IRS") motion for summary judgment on Debtor's complaint seeking discharge of certain tax obligations. The relevant facts were set forth in the Court's prior amended opinion dated June 3, 1992. The peculiar fact in this case is that the Debtor filed bankruptcy on April 15, 1991, and is seeking discharge of income taxes for the year 1987. The return for these taxes was last due on April 15, 1988, exactly three years before the filing of bankruptcy. The IRS contests discharge under 11 U.S.C. § 523(a)(1)(A) and, by reference, 11 U.S.C. § 507(a)(7)(A)(i). The Court concluded that the IRS was not entitled to summary judgment as to 1987 taxes, stating:

> The date three years before the filing of the petition was April 15, 1988. In order to qualify, the tax return for 1987 must therefore have been last due *after* April 15, 1988. However, it was last due *on* April 15, 1988. Therefore, it is not entitled to priority and, *à priori,* is not nondischargeable under § 523(a)(1)(A).

Amended Opinion at 162. The IRS filed this motion for reconsideration challenging this holding.

At the outset the Court notes that the IRS failed to brief this issue in its original motion and supporting brief. While we doubt that this failure would rise to the excusable neglect standard of FED. R.BANKR.P. 9024, FED.R.CIV.P. 60(b), we nevertheless briefly address the cases cited by the IRS to lend clarity to any appeal which may ensue.

The IRS cites a string of bankruptcy and district court cases, one Sixth Circuit opinion, and one Supreme Court case. The Court has reviewed all of these cases. The bankruptcy, district court, and Sixth Circuit opinions do not address the issue in this case, because none of them involved taxes due exactly three years before the date of bankruptcy. In each of those cases the return date was clearly on one side or the other of the date three years prior to the filing day. While a number of these cases paraphrased the statute as requiring that the return for the year in question be last due "within" three years of bankruptcy, the statute does not use this term, and it is

dicta in those opinions. A more accurate paraphrase might be that in *In re Etheridge*, 91 B.R. 842, 845 (Bankr.C.D.Ill.1988) in which the court used the phrase "due less than three years before the bankruptcy." In any event, the cited decisions are not on point and do not require a change in the result in this case.

The Supreme Court case cited appears to be *Burnet v. Willingham Loan & Trust Co.*, 282 U.S 437, 51 S.Ct. 185, 75 L.Ed. 448 (1931), although the IRS cites this case as being found at 282 U.S. 434. Curiously, the IRS states that that case involved the application of a three year collection period delimited in 26 U.S.C. § 6501:

> In *Burnet v. Willingham Loan & Trust Co.*, 282 U.S. 434, 439 (1930), the Supreme Court specifically held that the due date of the return would not be included in computing the minimum period for collection under 26 U.S.C. § 6501 of the Internal Revenue Code. As held in *In re Molina*, 99 B.R. 792, 794 (S.D.Ohio 1988), the minimum three year collection period mirrors the three year dischargeability provision under 11 U.S.C. § 507(a)(7)(A)(i).

The case at 282 U.S. 434, 51 S.Ct. 196, 75 L.Ed. 444 (1931), *Mascot Oil Co., Inc. v. United States*, also involved a statute of limitations issue, but neither that case nor *Burnet* cited 26 U.S.C. § 6501, and in *Burnet* the limitation periods at issue were four and five years, not three years. As best the Court can glean, the IRS intended to cite to *Burnet*, but its bootstrapping argument from 26 U.S.C. § 6501 based on that case is wholly inappropriate.

The *Burnet* case is the only one cited by the IRS that involves a filing on the exact anniversary of the return date. The language of the two statutes in question required that collection suits be brought "within five years after the return was due or was made" and "within four years after the return was filed" respectively. 282 U.S. at 438, 51 S.Ct. at 185. In computing time under these provisions Justice Holmes stated as follows:

> When we say "four years after the return was filed" by common usage we think of four years after the day on which the return was filed and it would seem that Congress was following common usage.

*Id.* at 439, 51 S.Ct. at 185. The principle stated, that the common usage of the language employed by Congress, where plain on the statute's face, should be followed by the court, is of help in this case. However, that principle leads to the opposite result of that sought by the IRS.

The statutory language in *Burnet* was not analogous to the language in § 507(a)(1)(A)(i). That language used the term "within" and dealt with the running of a period after a stated event. By contrast, § 507(a)(1)(A)(i) refers to

> a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition. . . .

The question is, then, what was the date three years before the April 15, 1991 petition date? By common usage, that date would be April 15, 1988. Common usage also dictates that "after" April 15, 1988 would not *include* April 15, 1988. By the principles stated in the IRS's own authority, the previous decision of this Court was correct.

Accordingly,

IT IS ORDERED that the motion for reconsideration is granted and the Court's Amended Opinion dated June 3, 1992 is hereby affirmed.